UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lien Kim Vo,                                                            Case No. 16-cv-3059 (PAM/BRT)

       Plaintiff,

v.

                                                                **MEMORANDUM AND ORDER**

Leslie D. Tritten, David
Douglas, Jeh C. Johnson,
and Loretta Lynch

       Defendants.

This matter is before the Court on Defendants' Motion to Dismiss. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Lien Kim Vo immigrated to the United States from Vietnam on a K-1, fiancée visa and married her now ex-husband in Minnesota on June 23, 2003. (Compl. (Docket No. 1) ¶ 8; Compl. Ex. 4.) Vo is a Lawful Permanent Resident ("LPR") of the United States. (Compl. ¶ 14.) On November 11, 2011, Vo applied for United States citizenship. (Id. ¶ 19.)

On September 16, 2016, Vo filed this lawsuit against the Department of Homeland Security ("DHS") District Director for the District of Minnesota, Leslie Tritten, United States Citizenship and Immigration Services ("USCIS") District Director Central Region, David Douglas, Secretary of the DHS Jeh Johnson, and United States Attorney General Loretta Lynch (collectively, the "Defendants"). Count 1 alleges that Defendants have

refused to adjudicate her naturalization application. Count 2 alleges that Defendants violated the Administrative Procedure Act ("APA") by failing to complete a background check and timely adjudicate Vo's naturalization application. Counts 3 and 4 are both titled "Defendants' refusal to present certain documents to Plaintiff" and allege that Defendants withheld documents from Vo that claim her marriage was a sham.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. Iqbal, 556 U.S. at 678.

**A.     Counts 1 and 2**

Counts 1 and 2 allege that Defendants refused to adjudicate Vo's naturalization application. That is false. USCIS denied Vo's naturalization application on August 26, 2016, almost a month before Vo filed this lawsuit. Vo even attached the USCIS decision denying her naturalization application to her Complaint. (Compl. Ex. 7.) Because

USCIS adjudicated and denied her naturalization application, Counts 1 and 2 are moot. Vo concedes this. (Pl.'s Opp'n Mem. (Docket No. 16) at 2.) These claims are therefore dismissed.

**B.   Counts 3 and 4**

Counts 3 and 4 are titled "Defendants' refusal to present certain documents to Plaintiff." Essentially, both Counts assert that Defendants withheld documents from Vo that claimed her marriage was a sham, and that were used against her in the naturalization application process. But Vo does not cite any statute or regulation in her Complaint that requires Defendants to present documents to someone applying for citizenship.

Defendants construe Counts 3 and 4 as claims that they violated 8 C.F.R. § 103.2(b)(16)(i), which requires USCIS to advise a naturalization applicant about information that would harm their chances of becoming a citizen and allow the applicant to rebut that information. Vo seems to concur that this is the claim she is bringing. (Pl.'s Opp'n Mem. at 4-5.) But § 103.2(b)(16)(i) does not require USCIS provide an applicant with documents regarding their naturalization application. Section § 103.2(b)(16)(i) only requires that the applicant "be advised" of any derogatory information regarding their application and be "offered an opportunity" to rebut that information. 8 C.F.R. § 103.2(b)(16)(i); see also Mangwiro v. Johnson, 554 F. App'x 255, 256 (5th Cir. 2014). Vo fails to plead that she was not advised of the information that her marriage was a sham and precluded from offering rebuttal information. (See generally Compl.) In fact, USCIS did provide Vo with an opportunity to rebut the allegations that her marriage was a sham. (Compl. Ex. 7.)

3

Vo argues that she states a claim upon which relief may be granted under 8 U.S.C. § 1421(c).  Section 1421(c) allows a person who has had their naturalization application denied to seek judicial review.  Vo completely failed to raise this issue in her Complaint.  Instead, she raised it for the first time in her opposition memorandum.  But a plaintiff may not amend a complaint through a memorandum or brief.  See Thomas v. United Steelworkers Local 1938, 743 F.3d 1134, 1140 (8th Cir. 2014); see also Fed. R. Civ. P. 15.  She therefore fails to state a claim upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 11) is **GRANTED** and Vo's Complaint (Docket No. 1) is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 26, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge